UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAUL EHRETH,

    Plaintiff,

    v.

CAPITAL ONE SERVICES, INC.,

    Defendant.

Case No. C08-0258RSL

ORDER GRANTING IN PART
AND DENYING IN PART
MOTION TO DISMISS

## I. INTRODUCTION

This matter comes before the Court on a Rule 12(b)(6) motion to dismiss filed by defendant Capital One Services, Inc. ("Capital One"). Plaintiff, who seeks to represent a class, contends that defendant violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, breached the parties' contract, and unjustly enriched itself by charging plaintiff a late fee of $39 for his credit card account.

For the reasons set forth below, the Court grants in part and denies in part defendant's motion.[1]

---

[1] Because the Court finds that this matter can be decided on the parties' memoranda, declarations, and exhibits, defendant's request for oral argument is denied.

ORDER REGARDING
MOTION TO DISMISS - 1

## II. DISCUSSION

### A. Background Facts.

Plaintiff became a credit card customer of Capital One in September 2005. At least some of the time, he paid his credit card bills electronically through his bank's electronic payment system without incident. Plaintiff contends that he attempted to pay his credit card bill that way in November 2007. His received a "payment complete" message from his bank. Nevertheless, his payment was rejected. Plaintiff alleges that his "efforts to make electronic payments were rejected as a consequent of a change by Capitol [sic] One in its processing of electronic payments." First Amended Complaint at ¶ 9. As a result, plaintiff was charged late fees and finance charges. The contract provides that Capital One is entitled to assess a fee for late payments. Plaintiff contends that the "late fees assessed against Ehreth were greater than those authorized by Ehreth's contract with Capital One and had been unilaterally increased by Capital One without reasonable notice of the increase." Id. at ¶ 11.

### B. Dismissal Standard.

Defendants have filed a 12(b)(6) motion for failure to state a claim upon which relief can be granted. The complaint should be liberally construed in favor of the plaintiff and its factual allegations taken as true. See, e.g., Oscar v. Univ. Students Co-Operative Ass'n, 965 F.2d 783, 785 (9th Cir. 1992). The Supreme Court has explained that "when allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1966 (2007) (internal citation and quotation omitted). "A district court ruling on a motion to dismiss may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." Parrino v. FHP, Inc., 146 F.3d 699, 705 (9th Cir. 1998) (internal citation and quotation omitted).

ORDER REGARDING
MOTION TO DISMISS - 2

**C.   Analysis.**

    **1.   FCRA Claim.**

Plaintiff argues that defendant violated the FCRA, Section 1681s-2(b) by "wilfully and/or negligently failing to comport" with the statute. Section 1681s-2(b) provides that "[a]fter receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency," the furnisher of information[2] to a consumer reporting agency ("CRA") shall follow certain procedures established to ensure that accurate information is being provided. By the statute's plain language, the furnisher's duty to investigate and make any corrections is triggered only after notice. Furthermore, pursuant to § 1681i(a)(2) and interpreting case law, the notice that triggers the investigative duties under § 1681s-2(b) must come from the CRA, not the consumer. Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1060 (9th Cir. 2002);[3] Peasley v. Verizon Wireless (VAW) LLC, 364 F. Supp.2d 1198, 1200 (S.D. Cal. 2005); see also 15 U.S.C. § 1681i(a)(2)(A) (imposing a duty on consumer reporting agencies to notify furnishers of information after they "receive[] notice of a dispute from any consumer"). Plaintiff attempts to counter this authority by noting that a proposed regulation would permit a consumer to notify a furnisher of information of a dispute directly. Plaintiff's reliance on a proposed regulation not yet in force is untenable.

Accordingly, to state a claim under Section 1681s-2(b), plaintiff must allege that he notified a CRA of his dispute and the CRA notified defendant of the same. The first amended complaint is deficient because it does not contain those allegations.

---

[2] Capital One assumes, solely for purposes of this motion, that it is a "furnisher of information" under the FCRA.

[3] The court in Nelson explained, "But Congress did provide a filtering mechanism in § 1681s-2(b) by making the disputatious consumer notify a CRA and setting up the CRA to receive notice of the investigation by the furnisher." Nelson, 282 F.3d at 1060.

ORDER REGARDING
MOTION TO DISMISS - 3

Plaintiff requests leave to amend his complaint to state that he notified two CRAs of the dispute "[o]n or about February 12, 2008," and he believes that the CRAs notified defendant. Response at p. 4 n.2. Courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Where, as here, a plaintiff has "previously filed an amended complaint . . . the district court's discretion to deny leave to amend is particularly broad." Miller v. Yokohama Tire Corp., 358 F.3d 616, 622 (9th Cir. 2004). The Court considers four factors in deciding whether to grant leave to amend: "bad faith, undue delay, prejudice to the opposing party, and the futility of amendment." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994). A proposed amendment is futile if it could be defeated by a motion to dismiss or if plaintiff cannot prevail on the merits. See, e.g., Smith v. Commanding Officer, 555 F.2d 234, 235 (9th Cir. 1977).

In this case, plaintiff contends that he notified two CRAs of the dispute two days before he filed this lawsuit. The statute, however, explicitly provides that furnishers of information like Capital One have thirty days from the date the dispute is reported to the CRA to complete their investigation and report the results to the CRA. 15 U.S.C. § 1681s-2(b)(2); 15 U.S.C. § 1681i(a)(1). Therefore, even if Capital One later violated the FCRA, it had not done so at the time plaintiff filed his complaint. A plaintiff must have standing to bring his or her action "at the time the action commences." Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc., 528 U.S. 167, 191 (2000). At the time plaintiff commenced this action, he had not yet suffered an injury cognizable under the FCRA.[4] Accordingly, any amendment to remedy the deficient pleading of that claim would be futile. Plaintiff's FCRA claim is dismissed with prejudice.

---

[4] Indeed, allowing plaintiff to pursue a FCRA claim under these circumstances would defeat the purpose of the notice and investigation provision, which is to provide a pre-litigation "opportunity for the furnisher to save itself from liability by taking the steps required by § 1681s-2(b)." Nelson, 282 F.3d at 1060.

ORDER REGARDING
MOTION TO DISMISS - 4

## **2. Breach of Contract Claim.**

Plaintiff alleges that defendant breached the contract by improperly rejecting his electronically tendered payment and subsequently charging late fees that it was not entitled to charge. Plaintiff also contends that even if defendant had been entitled to charge him a late fee, it charged him more than the fee provided for in the contract. Defendant counters that plaintiff cannot state a claim for an excessive fee because it sent plaintiff a notice, months before it charged the late fee, explicitly stating that the fee would increase to exactly the amount it subsequently charged plaintiff. However, whether and when the notice was sent are facts that are neither stipulated to nor appear in the complaint. Therefore, the Court cannot consider them for purposes of this motion.

Similarly, plaintiff's claim that defendant improperly charged him a late fee also implicates facts beyond the scope of this motion. Defendant argues that plaintiff's bank improperly rejected the payment, so defendant is not at fault. However, the complaint alleges that plaintiff's "payment was rejected due to Capital One's internal technical errors." First Amended Complaint at ¶ 18. That allegation must be taken as true for purposes of this motion.

Defendant argues that regardless of the reason the payment was not processed, it cannot be liable because the contract provides, "We may in our sole discretion, offer an expedited payment service." Defendant's Motion, Ex. 1. However, defendant did offer the service, plaintiff used it successfully for a time, and there is no explanation for why plaintiff's payment was not processed in November 2007. Although defendant disclaims liability if the customer's depository institution dishonors the payment, the contract does not disclaim liability if defendant does so.

Finally, defendant argues that plaintiff has not identified any specific portion of the contract it allegedly breached. However, the breach of contract allegations satisfy Rule 8's notice pleading requirement and allege the elements of a contract. In addition, the alleged breaches are obvious: defendant cannot charge a fee higher than the contract authorizes, nor can

it charge him a late fee if he timely tendered payment. Whether defendant actually did either or both of those things can be resolved by a later motion. Accordingly, defendant's request to dismiss plaintiff's breach of contract claim is denied.

### 3. Unjust Enrichment Claim.

Plaintiff contends that defendant was "unjustly enriched by charging late payment fees, finance charges, and other charges . . . and accepting those fees and finance changes even though payments were timely tendered." First Amended Complaint at § 22. The contract states that Virginia law governs. Defendant's Motion, Ex. A. Regardless of whether Virginia or Washington law applies, a party to an express contract may not bring an action under a theory of an implied contract relating to the same matter. Chandler v. Wash. Toll Bridge Auth., 17 Wn.2d 591, 604-05 (1943); Inman v. Klockner-Pentaplast of Am. Inc., 467 F. Supp. 2d 642, 655 (W.D. Va. 2006). Plaintiff argues that a party to a contract may nevertheless bring an unjust enrichment claim based on matters outside the scope of the contract or if the contract is unenforceable. In this case, however, plaintiff does not argue that the contract is unenforceable. In addition, he had an express contract with defendant that governed the circumstances in which defendant could charge late fees and the amount of those fees. Accordingly, plaintiff's unjust enrichment claim must be dismissed.

## III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART defendant's motion to dismiss (Dkt. #6). The Court DISMISSES plaintiff's claims for unjust enrichment and for violation of the FCRA. Plaintiff may proceed with his breach of contract claim.

DATED this 19th day of August, 2008.

Robert S. Lasnik
United States District Judge

ORDER REGARDING
MOTION TO DISMISS - 6